UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MILES BENSON

                           Plaintiff                          FIRST AMENDED
    -against-                                             COMPLAINT
                                                             PLAINTIFFS DEMAND
                                                             TRIAL BY JURY

THE CITY OF NEW YORK,
POLICE OFFICER HELEN SKIRCHAK & POLICE
OFFICER JOHN DOE 1-10                                17-cv-823


                                         Defendants

------------------------------------------------------------------------x

     Plaintiff, MILES BENSON  by his attorney, Michael Colihan, as and for his complaint in this action against the defendants, above named, respectfully sets forth and alleges as follows:

**PRELIMINARY STATEMENT**

     1. This is a civil action for damages brought to redress the deprivation by defendants of the rights secured to plaintiffs under the Constitution and laws of the United States and the State of New York. The defendants, upon information & belief  without probable cause, unlawfully arrested and falsely imprisoned the plaintiff in Bronx County . The plaintiff suffered loss of liberty and serious and severe psychological injuries, as well as the exacerbation of pre existing injuries the full nature and extent of which have yet to be determined. The plaintiff did not consent to any confinement and it was not otherwise privileged.. The underlying criminal case against the plaintiff was later dismissed in Bronx County Criminal Court. By the filing of this complaint, the plaintiff now alleges that the individual defendants, the City of New York &

the New York City Police Department violated their rights under 42 USC Section 1983 and 1988, the 4th Amendment of the United States Constitution and New York State law. In addition, the plaintiff invokes the pendant jurisdiction of this court to assert claims arising under state law. The motivation for these unlawful arrests is, upon information & belief, overtime compensation for the arresting officers and the statistical needs of the NYPD. The City has displayed a deliberate indifference to this unlawful and perjurious activity by its employees.

**JURISDICTION**

2. That the jurisdiction of this Court is invoked under the provisions of Section 1331 & 1343 of Title 28 and Sections 1983 & 1988 of Title 42 of the United States Code, as well as the Fourth and Fourteenth Amendments to the Constitution of the United States. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC Section 1367 to hear and decide his New York State Law claims of false arrest, false imprisonment, and the intentional and negligent infliction of mental & emotional distress against the individual defendant police officers. These state law claims form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

3. Because plaintiff's state law claims are brought only against the individual defendant police officers and allege intentional conduct, no notice of claim is required. In suits against municipal or county employees, as opposed to suit against municipalities themselves, " service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law" N.Y. Gen. Mun. Law Section 50- e (1) n(b).

4. Venue is properly laid in the Southern District of New York in that this is the District where the claim arose, and the plaintiff was arrested.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Federal Rule of Civil Procedure 38 (b)

**PARTIES**

6. The plaintiff MILES BENSON is a male and a resident of the City and State of New York and Bronx County.

7. The defendant THE CITY OF NEW YORK was and is a municipal corporation organized and existing under the laws of the City and State of New York.

8. The defendant THE CITY OF NEW YORK maintains, operates, manages and controls the New York City Police Department ( hereinafter referred to as "NYPD") a duly authorized police department authorized, organized and existing to perform and carry out all functions of a police department as per the applicable laws, rules, statues and ordinances of the aforementioned municipal corporation THE CITY OF NEW YORK.

9. That the defendant POLICE OFFICER HELEN SKIRCHAK was and is an agent, servant and employee of the defendant the City of New York .

10. That the defendants POLICE OFFICER JOHN DOE 1- 10 were and are agent, servant and employee of the defendant the City of New York .

## STATEMENT OF RELEVANT FACTS

11. That on or about the 5th day of February, 2014, the plaintiff MILES BENSON was lawfully in the City and State of New York in the County of Bronx, at or near 791 East 163rd Street.

12. He was seated in a 2008 Cadillac with a woman known to him as "Shiela".

13. That the 2008 Cadillac was not running and did not have the keys in the ignition.

14. That the plaintiff did not have the keys to said 2008 Cadillac; they were in the possession of the girl " Shiela"

15. That the plaintiff had been driven to that place at that time by a friend he knew as " William", who parked the car and went briefly around the corner to pick up some DVD's.

16. The plaintiff MILES BENSON was committing no crime at that time and was not acting in a suspicious manner. He was not in possession of any contraband or controlled substances.

17. At the aforesaid time and place the plaintiff was unlawfully and without just cause, approached, accosted, assaulted, falsely arrested and falsely imprisoned by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions .

18.  The defendant officers continued to imprison MILES BENSON  after his unlawful

arrest. He was falsely prosecuted under Bronx County Criminal Court arrest # B14608726.

19. While the plaintiff was being held, one of the officers involved with his arrest, HELEN SKIRCHAK, with, upon information & belief, the acquiescence of other defendants, misrepresented facts in the police reports and other documents that the plaintiff had committed offenses when in fact this was not true. Specifically, defendant Skirchak falsely claimed the keys were in the ignition of said vehicle and that the motor of said vehicle was running.

20. Said false information included, but was not limited to the allegation that the plaintiff had been driving while intoxicated.

21. Said false information and evidence was used against the plaintiff and formed the basis of the criminal charges against him.

22. The defendant individual officers began said prosecution with malice and otherwise caused said prosecution to be commenced against the plaintiff for the reason of obtaining a collateral objective outside the lawful and legitimate ends of the legal process, to avoid discipline for the aforementioned abuse of authority, to obtain overtime compensation and to obtain credit for an arrest.

23. All of the foregoing took place as a direct and foreseeable result of the unconstitutional policies, customs and practices of the City of New York and the NYPD, including, without limitation, the falsification of evidence, criminal court complaints and other things to justify the arrest and prosecution of innocent people, including the plaintiffs .

24. The events complained of are not isolated incidents. Defendant CITY OF NEW YORK, and its agents , servants and employees, especially its counsel, managers and supervisors are all aware, from lawsuits brought in New York State Supreme Court and the Federal District Courts for the Eastern and Southern Districts of New York, which are matters of public record, notices of claim, complaints filed with the NYPD's Internal Affairs Bureau (IAB) and the CITY OF NEW YORK'S Civilian Complaint Review Board or "CCRB" that many officers of the NYPD, including the defendants, are not sufficiently trained regarding the law of arrest, the definition of probable cause, and are engaging in a pattern of falsification to conceal their abuse of authority and for other unlawful motives.

25. Defendant THE CITY OF NEW YORK is further aware that such improper training has often resulted in a violation of people's civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure to act was a direct result of the acts complained of.

26. Further, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident that is the subject of this complaint, that the individual defendants lacked the temperament, objectivity, maturity, discretion and proper disposition to function lawfully as police officers. Despite such notice, the defendant THE CITY OF NEW YORK has retained such officers, and failed to adequately train and supervise them.

27. By reason of the foregoing, plaintiff sustained injury and damage as described above.

## AS AND FOR A FIRST CLAIM ON BEHALF OF THE PLAINTIFF
## MILES BENSON
### Deprivation of Rights under 42 U.S.C. Section 1981 & 1983

28. The plaintiff repeats the foregoing allegations

29. Each, every and all of the aforementioned acts of defendants, their agents, servants and employees were performed and carried out under color of law.

30. All of the above described acts deprived plaintiff MILES BENSON of the rights, privileges and immunities guaranteed to United States citizens by the Fourth and Fourteenth Amendments to the United States Constitution and in violation of 42 U.S.C. Section 1983.

31. The acts which are the subject of this complaint were carried out by the aforementioned individually named defendants, in their capacities as officers of the NYPD, with the entire actual and or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

32. The acts which are the subject of this complaint were performed by the individually named defendants in their capacities as officers of the NYPD, pursuant to the customs, practices, usages, procedures and rules if the CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of said department.

33. Defendants, collectively and individually, while acting under color of state law, engaged in conduct and actions that constituted a usage, custom, practice, procedure or rule of the respective municipal authority and defendant, THE CITY OF NEW YORK, which is forbidden by the United States Constitution.

34. By reason of the foregoing, the plaintiff MILES BENSON is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CLAIM ON BEHALF OF MILES BENSON
False Arrest/Unlawful Imprisonment under 42 U.S.C. Section 1983

35. Plaintiff repeats the foregoing allegations

36. The Defendants arrested the plaintiff MILES BENSON without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

37. The individually named defendants caused plaintiff MILES BENSON to be falsely arrested and unlawfully detained. The underlying criminal action was eventually dismissed upon motion of the people, but not before the plaintiff was forced to make numerous court appearances.

38. By reason of the foregoing, the plaintiff MILES BENSON is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CLAIM ON BEHALF OF MILES BENSON
( Malicious prosecution under 42 U.S.C. Section 1983 )

39. Plaintiff repeats the foregoing allegations

40. The individually named defendants began, initiated, commenced and continued a malicious prosecution against the plaintiff MILES BENSON

41. Defendants caused the plaintiff MILES BENSON to be prosecuted without probable cause .

42. By reason of the foregoing, the plaintiff MILES BENSON is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CLAIM ON BEHALF OF MILES BENSON
### Abuse of Process under 42 U.S.C. Section 1983

43. Plaintiff repeats the foregoing allegations

44. The defendants issued criminal process against the plaintiff MILES BENSON by arresting him and falsely prosecuting him in .

45. Defendants, their agents servants and employees, by their conduct herein alleged, caused the plaintiff MILES BENSON to be arrested and prosecuted in order to obtain an impermissible collateral objective outside the legitimate ends of the legal system, to wit: to avoid discipline for their abuse of authority, to gain overtime compensation, and thereby violated plaintiff's right to be free from malicious abuse of process.

46. By reason of the foregoing, the plaintiff MILES BENSON is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CLAIM ON BEHALF OF MILES BENSON
(Violation of Right to a Fair Trial under 42 U.S.C. Section 1983)

47. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

48. Defendants created false evidence against the plaintiff MILES BENSON including false statements . These included, but were not limited to, the allegation that the

vehicle in which the plaintiff was seated had the keys in the ignition and the motor running.

49. Defendants used the false evidence against MILES BENSON in a legal proceeding in the Criminal Court of the City of New York.

50. By reason of the defendant's creation, fabrication, and use of false evidence against the plaintiff MILES BENSON, plaintiff suffered and experienced a violation of his right to a fair trial as guaranteed by the Constitution of the United States.

51. By reason of the foregoing, the plaintiff MILES BENSON is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CLAIM ON BEHALF OF MILES BENSON
Failure to Intervene under 42 U.S.C. Section 1983

52. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

53. The individual defendants had an affirmative duty and obligation to intervene on behalf of the plaintiff whose constitutional rights were being violated in their presence and with their knowledge.

54. The defendants did not intervene to prevent or terminate the unlawful conduct described herein.

55. By reason of the foregoing the plaintiff had his liberty restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

56. By reason of the foregoing, the plaintiff MILES BENSON is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

train, select, supervise and discipline their employees

.

57. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, including but not limited to the right to:

Not to be denied liberty without due process of law

To not be subjected to false arrest and imprisonment.

To be free from the use of excessive force, assault and summary punishment

To have other officers intervene when a police officer abuses a civilian

To be free from malicious prosecution.

To be free from malicious abuse of process.

58. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff respectfully preys to the court for judgment upon each cause of action as follows:

a. Compensatory damages in an amount which this Court shall consider to be just and fair:

b. Punitive and exemplary damages in an amount which this Court shall consider to be just & fair;

c. Attorney's fees in an amount which this Court shall consider just & fair;

d. Together with the costs and disbursements of this action and such other and further relief which this Court may seem just & proper.

DATED: BROOKLYN, NY
       June 16, 2017.
.                              This is an electronic signature
---------------/s/-------------------------------
MICHAEL COLIHAN (MC-0826)

Attorney for the Plaintiff
44 Court Street
Suite 906
Brooklyn, NY 11201
(718) 488-7788